UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CR-00070(01)RM |
| | ) | |
| DONALD L. LEACH | ) | |

OPINION AND ORDER

Donald Leach was indicted in June 2009 for not registering and updating his registration under the Sex Offender Registration and Notification Act (SORNA) in violation of 18 U.S.C. § 2250. Mr. Leach moves to dismiss the indictment on the following grounds: 1) he isn't required to register as a sex offender in the State of Indiana pursuant to <u>Wallace v. State</u>, 905 N.E.2d 371 (Ind. April 30, 2009); 2) the Indictment alleges that he was required to register in the Northern District of Indiana when he wasn't required to do so; 3) Indiana's Sex Offender Registration Act, as applied to Mr. Leach, violates both the Indiana and Federal Constitution's ex post facto clause; and 4) this court doesn't have jurisdiction over Mr. Leach for alleged criminal violations that may have occurred in South Carolina.

I. BACKGROUND

Mr. Leach was convicted in 1990 in Wabash County, Indiana of child molesting, a class C felony, in violation of Indiana Code § 35-41-5-1. He was sentenced to a term of imprisonment and released from the Indiana Department of Corrections in August 1994. Just before his release, Indiana's first sex offender

registration statute came into effect, codified as Indiana Code § 5-2-12-1 to 13. In 2004, upon release from the IDOC for an unrelated theft conviction, Mr. Leach signed a State Form 46656 notifying him of his obligation to register under Indiana's Sex Offender Registration Act. In 2007, Mr. Leach signed a Wabash County Sheriff's Department form notifying him that he was required to register with the sheriff's department in his county of residence, and if he changed residence or moved out of the state, he was required to register in his county of residence within three days of the move.

Records indicate that Mr. Leach didn't register with the State of Indiana as a convicted sex offender until September 9, 2008. Under the registration conditions contained on Indiana's Sex Offender Registry, Mr. Leach was notified that if he changed his place of residence, including his specific home address, his place of employment or place of education, he had seven days to update his information under Indiana law. The form doesn't advise the offender that if he moves from the state he must register in the state to which he is moving.

On December 18, 2008, Mr. Leach was charged in the Wabash County Circuit Court with failing to register as a sex offender, a class D felony, under Indiana Code § 11-8-8-17(a). Authorities obtained information that Mr. Leach had moved to South Carolina in early January 2009. On February 10, 2009, Mr. Leach was arrested during a traffic stop in South Carolina and extradited back to Indiana to face his December 18, 2008 charge for failing to register as a sex offender in Indiana. A records check with South Carolina Law Enforcement

Division Sex Offender Registry showed that Mr. Leach wasn't registered with the State of South Carolina as a sex offender. During this time, Mr. Leach was interviewed and told officers that he had arrived in South Carolina in early January and was living there. He admitted knowing that he probably should have registered in South Carolina, but was waiting until he found a job and a more permanent residence.

In April 2009, the Indiana Supreme Court held that when a defendant was convicted before enactment of Indiana's Sex Offender Registration Act (July 1994), the Act, as applied to the defendant, violates Indiana Constitution's ex post facto clause because it imposes burdens that have the effect of adding punishment beyond what could have been imposed when the crime was committed. <u>Wallace v. State</u>, 905 N.E.2d 371, 384 (Ind. 2009). Mr. Leach's conviction predates the effective date of Indiana's registration statute. In light of the holding in <u>Wallace</u>, the state dismissed the charges against Mr. Leach pending in Wabash County on September 21, 2009.

In June 2009, a grand jury returned this indictment: "From on or about January 6, 2009 to February 20, 2009, in the Northern District of Indiana and elsewhere, Donald L. Leach . . . being required to register under the Sex Offender Registration and Notification Act, and having traveled in interstate or foreign commerce, did knowingly fail to register and update his registration as required by [SORNA in violation of 18 U.S.C. § 2250]." Mr. Leach is charged with an alleged

3

failure to update his registration in Indiana and alleged failure to register in South Carolina within three business days after establishing residence there.

II. ANALYSIS

SORNA was enacted in July 2006 "to protect the public from sex offenders and offenders against children" by establishing "a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. Under this national system, each jurisdiction must maintain "a jurisdiction-wide sex offender registry" that conforms to the requirements of SORNA. 42 U.S.C. §§ 16911(10), 16912(a). The statute was designed "to track the interstate movement of sex offenders." United States v. Howell, 552 F.3d 709, 716 (8th Cir. 2009). SORNA requires a "sex offender [to] register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). To keep his registration current, a sex offender must appear in a relevant jurisdiction and "not later than 3 business days after each change of . . . residence . . . inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." 42 U.S.C. § 16913(c).[1] A "sex offender registry" is defined as "a registry of sex offenders, and

---

[1] Section 16913(c) states:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.

4

a notification program, maintained by a jurisdiction." 42 U.S.C. § 16911(9). "A state created registry which is maintained after the effective date of SORNA satisfies the statutory definition of a sex offender registry." United States v. Elmer, No. 08-20033-01-KHV, 2008 WL 4369310, at *9 (D. Kan. Sept. 23, 2008) (citations omitted). SORNA imposes criminal penalties on anyone who (1) "is required to register" — i.e., a convicted sex offender under either federal or state law; (2)"travels in interstate . . . commerce"; and (3) "knowingly fails to register or update a registration"; unless he can prove that "uncontrollable circumstances" prevented him from doing so. 18 U.S.C. § 2250; *see also* United States v. Dixon, 551 F.3d 578, 581 (7th Cir. 2008), *cert. granted,* Carr v. United States, No. 08-1301, 2009 WL 1095868 (Sept. 30, 2009).

SORNA gave the Attorney General "the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before [the enactment of this Act] or its implementation in a particular jurisdiction . . . ." 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim rule, which states that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R § 72.3; *see also* United States v. Kapp, 487 F. Supp. 2d 536, 541 (M.D. Pa. 2007) (stating that the interim rule made it "indisputably clear that SORNA applies to sex offenders . . . regardless of

---

That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

5

when they were convicted"). A sex offender is "an individual who was convicted of a sex offense[,]" and a "sex offense" includes a criminal offense that is a specified offense against a minor. 42 U.S.C. § 16911.

### A. *Wallace v. State* Inapplicable

The Indiana Supreme Court in Wallace v. State addressed whether Indiana's sex offender registration statute violates the Indiana Constitution as applied to a defendant who was convicted before the statute's enactment; the court found that it does. Mr. Leach therefore didn't violate Indiana's Sex Offender Registration Act by not registering as a sex offender in Indiana. The question this court must address is whether Mr. Leach can be prosecuted pursuant to 18 U.S.C. § 2250 for an alleged violation of SORNA and whether that statute violates the United States Constitution as applied to Mr. Leach. Because Mr. Leach is being charged under a federal statute, the Indiana Supreme Court's decision in Wallace isn't controlling.

SORNA provides a comprehensive scheme *separate* from the states' registration schemes, with its own set of registration requirements. *See* United States v. Pendleton, No. 08-59-GMS, 2009 WL 2984201, at *7 (D. Del. Sept. 18, 2009) (dismissing the defendant's argument that the government had to establish a duty to register under both state and federal law before he could be convicted under SORNA). The registration requirements under federal law don't depend on the dictates of state law. Id. "This federal statutory command is directed at sex

6

offenders not at states and, when coupled with SORNA's enforcement provision, 18 U.S.C. § 2250(a), it places a free-standing, federally enforceable duty on sex offenders to register in conformity therewith." United States v. Keleher, No. 1:07-CR-00332-OWW, 2008 WL 5054116, at *5 (E.D. Cal. Nov. 19, 2008). "The independent registration requirement under SORNA operates irrespective of any allegedly state law that has been enacted and maybe subject to the . . . ban on the enactment of retrospective state laws." Doe I v. Keathley, 290 S.W.3d 719, 720 (Mo. 2009).

A sex offender must register even if the state hasn't establish procedures for collecting information mandated by SORNA. United States v. Dixon, 551 F.3d at 582; *see also* United States v. Benton, No. 2:08-CR-156, 2008 WL 5273971,*6 (S.D. Ohio Dec. 16, 2008) (recognizing that "courts addressing this issue have overwhelmingly held that SORNA is effective and applicable prior to state implementation of SORNA requirements"); United States v. Keleher, 2008 WL 5054116, at *6 ("Every district to confront the issue has held that a defendant could comply with SORNA even when the state in which the defendant was required to register had not yet implemented the federal law.").

Although Indiana law didn't require Mr. Leach to register, SORNA required him to register. Even if a state chooses not to implement SORNA requirements, "an individual sex offender has no option to flout his federal obligation." United States v. Keleher, 2008 WL 5054116, at *5. Because Indiana had a sex offender registry, Mr. Leach was required to inform Indiana of changes to his residency

7

under SORNA. Mr. Leach hasn't shown that it was impossible for him to do so. *See* 18 U.S.C. § 2250(b) (setting forth the affirmative defense of uncontrollable circumstances preventing proper SORNA registration). Further, there is no showing that Mr. Leach wasn't required to register as a sex offender under South Carolina law upon moving to that state. The Indiana Supreme Court's holding in Wallace v. State didn't relieve Mr. Leach of his federal duty to register.

*B. Ex Post Facto Clause*

The ex post facto clause prohibits Congress from enacting "any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Weaver v. Graham, 450 U.S. 24, 28 (1981) (citation omitted). A law is ex post facto if it: (1) is penal or criminal in nature (2) has retroactive effect, and (3) disadvantages the offender affected by it. United States v. Couch, 28 F.3d 711, 713 (7th Cir. 1994) (citations omitted). A law has retroactive effect if it "changes the legal consequences of acts completed before its effective date." Weaver v. Graham, 450 U.S. at 31.

The Supreme Court found that Alaska's sex offender registration law, applied to persons who committed their offenses before the law's enactment, is regulatory and therefore civil, notwithstanding that the law contains criminal sanctions for failure to register as required. Smith v. Doe, 538 U.S. 84 (2003). Alaska's statute and SORNA are essentially identical. United States v. Stock, No.

8

2:09-CR-46, 2009 WL 2905929, at *7 (E.D. Tenn. Sept. 2, 2009). In light of the holding in Smith v. Doe, our court of appeals has said that the SORNA registration requirement itself doesn't violate the ex post facto law. United States v. Dixon, 551 F.3d at 584. This is because the requirement is regulatory rather than punitive. United States v. Dixon, 551 F.3d at 584. SORNA is a civil registration scheme that relies on criminal penalties to further its civil intent and doesn't increase the punishment for acts committed before SORNA's effective date. United States v. Hinckley, 550 F.3d 926, 938 (10th Cir. 2008); *see also* United States v. Stock, 2009 WL 2905929 at *7 ("The purpose of SORNA is regulatory, *viz*, to insure that the public has a means to acquire information regarding potential sexual predators that could pose a danger to their children[;]" the punishment under SORNA is for failure to register, not for the original offense).

SORNA doesn't impose an additional punishment for a predicative sex offense, but "works prospectively, creating a new punishment for a new offense, i.e., failing to register as a sex offender under SORNA after July 27, 2006." United States v. Shenandoah, No. 1:07-CR-500, 1:08-CR-196, 572 F. Supp. 2d 566, 573-574 (M.D. Pa. Aug. 20, 2008) (citations omitted).

Mr. Leach was obligated to register as a sex offender and had a reasonable opportunity to do so after enactment of the statute and interim rule. He isn't being prosecuted for his 1990 conviction, but rather for his alleged failure to register as required by SORNA. *See* United States v. Dixon, 551 F.3d at 585 ("[T]he fact that elements of Dixon's crime occurred before [SORNA] was made applicable to him

does not make the application of the Act to his failure to register violate the ex post facto clause[;] [t]he critical question concerns the third element of a violation of the Act, the failure to register."). The indictment charges Mr. Leach with criminal conduct — not registering under SORNA — that took place well after SORNA's effective date and after promulgation of regulations clarifying SORNA's application to previously convicted sex offenders. Accordingly, applying SORNA's criminal provisions to defendant's alleged conduct doesn't implicate the ex post facto clause.

*C. Due Process - Notice*

Mr. Leach says he was never advised of a duty to register under federal law in the State of South Carolina and that the Indiana Offender Registration Form doesn't tell the offender that if he moves from Indiana that he must register in the state to which he is moving. "[I]t is not a defense to a criminal prosecution that the defendant had never heard of the statute under which he is being prosecuted." United States v. Dixon, 551 F.3d at 584 (citations omitted). Due process doesn't require that a defendant have actual knowledge of a duty to register where the facts demonstrate "proof of probability" that he had such knowledge. Lambert v. California, 355 U.S. 225, 229 (1957). The defendant need only constructive notice of his duty to register to be found in violation of SORNA. United States v. Lafferty, No. CR 08-30085(01), CR 08-30102(01), 608 F. Supp. 2d 1131, 1141-1142 (D. S.D. April 7, 2009). "An overwhelming majority of courts have held that a

defendant's knowledge of his obligation to register as a sex offender pursuant to state law provides sufficient proof of the probability that he was aware of his obligation to register under SORNA." United States v. Lafferty, 608 F. Supp. 2d at 1142 (citing cases); *see also* United States v. Shenandoah, 572 F. Supp. 2d at 580 (citing cases).

Even in the absence of state registration requirements, the nature of sex offense crimes should place the defendant on notice that he may be subjected to future regulation. The court in United States v. Roberts, No. 6:07-CR-70031, 2007 WL 2155750 at *2 (W.D. Va. July 27, 2007) explained:

> Defendant claims he was denied due process because he received no notification of SORNA's requirements. This amounts to a claim that ignorance of the law excuses non-compliance. Unsurprisingly, Defendant cites no authority for this proposition, which is at odds with centuries of Anglo-American jurisprudence. Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so. Owners of firearms, doctors who prescribe narcotics, and purchasers of dyed diesel are all expected [to] keep themselves abreast of changes in the law which affect them, especially because such people are on notice that their activities are subject to regulation. Sex offenders are no different; they must comply with the law even when it changes suddenly and without notice, and they are well advised to periodically check for changes because they are particularly subject to regulation.

Id. (internal citations omitted). "As a sex offender, a defendant cannot reasonably expect to be free from regulation when he or she travels to another jurisdiction." United States v. Shenandoah, 572 F. Supp. 2d at 581 (citation omitted).

Before the Indiana Supreme Court's April 2009 decision in Wallace, Mr. Leach was notified that he had to register as a sex offender under Indiana law and

was required to update his registration if he moved. Mr. Leach registered in Indiana in September 2008 and when he was arrested, he admitted knowing that he probably should have registered in South Carolina. Although the Wallace decision rendered Indiana's registration statute unconstitutional as applied to Mr. Leach, he was still notified of a requirement to register and did register in Indiana's registry. Mr. Leach's awareness of Indiana's registration requirement was enough to provide him with constructive knowledge of his registration duties under SORNA. Further, Mr. Leach's status as a sex offender should have alerted him of his responsibility to maintain his registration, particularly when he elected to travel across state lines. The alleged lack of actual notice, therefore, doesn't violate Mr. Leach's due process rights.

*D. Jurisdiction - Venue*

Mr. Leach contends that this court has no jurisdiction over him for alleged criminal violations that may have occurred in South Carolina. Article III of the U.S. Constitution provides that criminal trials "shall be held in the state where the said Crimes shall have been committed . . . ." U.S. CONST. ART. III, § 2. Similarly, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. CONST. AMEND VI. Rule 18 of the Federal Rules of Criminal Procedure provides for the practical application of these constitutional guarantees, stating: "Unless a statute or these

rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. . . ." FED. R. CRIM. P. 18. An offense may be begun in one district and completed in another or may be committed in more than one district, and accordingly may be prosecuted in any of such districts. 18 U.S.C. § 3237(a).

A sex offender violates SORNA when he or she moves between states. A defendant can be prosecuted either in the state from which he moved or in the state to which he moved. United States v. Howell, 552 F.3d 709, 717-718 (8th Cir. 2009) ("Howell's failure to register his move and inform Iowa of his new Texas residence was a material part of the § 2250 violation, and venue is proper in the Northern District of Iowa."). The court in United States v. Turner, No. 4:08-CR-00034-01, 2009 WL 1650885, at *6 (W.D. Va. June 12, 2009) explained:

> The superseding indictment alleges the defendant knowingly failed to register "or update a registration" as a sex offender. . . . Specifically, he failed to update his registration in Virginia, the state he left, and failed to register in North Carolina, the state he traveled to. Since the defendant failed to re-register in his new state of residence (North Carolina), his previous state of residence (Virginia) remained his nominal residence according to the sex offender registries.
>
> The Defendant's failure to update his registration was an offense which occurred in Virginia, therefore Virginia is a "jurisdiction involved" for the purposes of 42 U.S.C. § 16913(a)[;] venue is proper in both Virginia and North Carolina.

Id. (internal citations omitted); *see also* United States v. Thompson, 595 F. Supp. 2d 143, 149 (D. Me. 2009) ("[B]ecause defendant is charged with traveling in

interstate commerce, then failing to register in New Mexico and update his registration in Maine, venue is proper in both New Mexico and Maine.").

The Northern District of Indiana is a proper venue because Mr. Leach's alleged SORNA violation began here. Mr. Leach was required to register first in Indiana and to inform either South Carolina or Indiana of the change in his residence. 42 U.S.C. 16913(c). While a South Carolina federal court has concurrent jurisdiction, Mr. Leach's alleged failure to register his move and inform Indiana of his new residence was a material part of the alleged § 2250 violation, so venue is also proper here.

III. CONCLUSION

Based on these reasons, the court DENIES Mr. Leach's motion to dismiss indictment (document # 24).

SO ORDERED.

ENTERED: November 6, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court